UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KYAIRA JUMPER,

                Plaintiff,                              **MEMORANDUM AND ORDER**
                                                              25-CV-4399

                -v-

84th PRECINCT,

                Defendant.
------------------------------------------------------------x
LaShann DeArcy Hall, United States District Judge.

Plaintiff Kyaira Jumper brings this *pro se* action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1). Plaintiff's request to proceed *in forma pauperis* is granted. (ECF No. 2.) However, for the reasons discussed below, the Complaint is dismissed.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

1

A district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B).

## BACKGROUND

Plaintiff alleges that at approximately 1:35pm on August 1, 2025, she went to the 84th Precinct in Brooklyn, New York, to report a crime, but the officer refused to file a police report. (Compl. at 4-5, ECF No. 1). Plaintiff further asserts that "officers of color of any sort are not responding to me or filing reporting crimes." *Id.* at 4. Plaintiff seeks, "maximum money awarded damages to support security and awarding for the lack of duties to my protection." *Id*. at 5.

## DISCUSSION

### I.    Section 1983

Plaintiff asserts that the Court has federal question jurisdiction under 28 U.S.C. § 1331, and the Court liberally construes her claims under 42 U.S.C. § 1983. Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]" 42 U.S.C. § 1983. However, Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); accord *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999) ("Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere."). To state a claim under Section 1983, a plaintiff must allege that the conduct at issue was "committed by a person acting under color of state law" and that the conduct

2

deprived plaintiff "of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).

## II.    Duty to Investigate

Plaintiff alleges that Defendants violated her constitutional rights when they failed to file a police report.  Even taking the allegation as true, Plaintiff fails to plead a cognizable claim. "Police officers have discretion to conduct investigations and initiate arrests and are charged with acting for the benefit of the public, not private citizens." *Hankerson v. 61 Pct.*, No. 24-CV-1623, 2025 WL 1114649, at *2 (E.D.N.Y. Apr. 15, 2025) (citing *Kneitel v. Rose*, No. 19-CV-3742, 2019 WL 3804678, at *2 (E.D.N.Y. Aug. 13, 2019) (citing *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 760, 765 (2005) (noting the "well established tradition of police discretion" and that "serving of public rather than private ends is the normal course of the criminal law")). Thus, "police officers have no affirmative duty to investigate complaints, as the government and its agents are under no general duty to provide public services or protection to individual citizens." *Morris v. City of N.Y.*, No. 14-CV-1749, 2015 WL 1914906, at *5 (E.D.N.Y. Apr. 27, 2015) (citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.,* 489 U.S. 189, 197 (1989)).  For this reason alone, Plaintiff's claim is ripe for dismissal.

## III.   Claims Against Police Precinct

Plaintiff's Section 1983 claim against the 84th Police Precinct must also be dismissed.  Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter § 396.  This provision has been construed to mean that New York City departments and agencies, such as the

Police Department are not suable entities. *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Hussey v. New York Police Departments & Precincts in Brooklyn, NY*, No. 23-CV-532, 2023 WL 2499215, at *2 (E.D.N.Y. Mar. 13, 2023) (police precinct is not a suable entity).

To the extent Plaintiff seeks to bring a claim against the 84th Police Precinct, the claim fails because city agencies are not generally suable entities. Accordingly, the proper defendant for such claim is the City of New York, not the 84th Police Precinct.

## CONCLUSION

Accordingly, the Complaint, filed *in forma pauperis*, is dismissed. 28 U.S.C. § 1915(e)(2)(B). In light of its duty to liberally construe *pro se* complaints, the Court has considered whether to grant Plaintiff leave to file an amended complaint but finds that amendment would be futile. *See Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 124–25 (2d Cir. 2011).

The Clerk of Court is respectfully directed to enter judgment, close this case, and mail a copy of this Order to Plaintiff, noting the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____/s/ LDH_____
LaShann DeArcy Hall
United States District Judge

Dated:
Brooklyn, New York
April 14, 2026